# Order

Michigan Supreme Court
Lansing, Michigan

December 12, 2012

Robert P. Young, Jr.,
Chief Justice

143909
143911

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PATRICK C. HALL and AVA ORTNER,
       Plaintiffs-Appellees,

v

STARK REAGAN, P.C., PETER L. ARVANT,
KENNETH M. BOYER, WILLIAM D.
GIRARDOT, CHRISTOPHER E. LeVASSEUR,
R. KEITH STARK, and MICHAEL H.
WHITING,
       Defendants-Appellants,
and

JOSEPH A. AHERN and JEFFREY J. FLEURY,
       Defendants-Appellees.

_____/

SC: 143909
COA: 294647
Oakland CC: 2009-099833-CD

PATRICK C. HALL and AVA ORTNER,
       Plaintiffs-Appellees,

v

STARK REAGAN, P.C., PETER L. ARVANT,
KENNETH M. BOYER, WILLIAM D.
GIRARDOT, CHRISTOPHER E. LeVASSEUR,
R. KEITH STARK, and MICHAEL H.
WHITING,
       Defendants-Appellees,
and

JOSEPH A. AHERN and JEFFREY J. FLEURY,
       Defendants-Appellants.

_____/

SC: 143911
COA: 294647
Oakland CC: 2009-099833-CD

On order of the Court, leave to appeal having been granted, and the briefs and oral argument of the parties having been considered by the Court, we REVERSE that part of the September 13, 2011 judgment of the Court of Appeals holding that this matter was not subject to arbitration, and we REINSTATE the October 1, 2009 order of the Oakland Circuit Court granting summary disposition in favor of the defendants. The dispute in this case concerns the motives of the defendant shareholders in invoking the separation provisions of the Shareholders' Agreement, Article 8.1 and/or Article 9.1, with respect to the plaintiffs. This is a "dispute regarding interpretation or enforcement of . . . the parties' rights or obligations" under the Shareholders' Agreement, and is therefore

subject to binding arbitration pursuant to Article 14.1 of the Agreement. Because the dispute between these parties is subject to binding arbitration, it was unnecessary for the Court of Appeals to reach the issue of standing under the Civil Rights Act, MCL 37.2101 *et seq*., and we VACATE that part of the judgment of the Court of Appeals. For the same reason, we decline to address the remaining issues raised on appeal.

CAVANAGH, J. (*dissenting*).

I respectfully dissent from the majority's decision to reverse the judgment of the Court of Appeals, reinstating the trial court's grant of summary disposition for defendants and compelling the arbitration of plaintiffs' claim under Michigan's Civil Rights Act (CRA), MCL 37.2101 *et seq*. I agree with Justice MARILYN KELLY's dissenting statement that a dispute regarding defendants' motivations for terminating plaintiffs' employment does not fall within the scope of the parties' arbitration clause. Thus, I would affirm the result reached by the Court of Appeals, including its holding that plaintiffs have standing under the CRA.

However, even if the parties' dispute fell within the scope of the arbitration clause, for the reasons I stated in *Heurtebise v Reliable Business Computers, Inc*, 452 Mich 405, 414-438 (1996) (opinion by CAVANAGH, J.), the arbitration clause in this case is not enforceable because an employee's prospective waiver of the constitutional right to litigate a civil rights claim in a judicial forum is contrary to the Legislature's intent when it enacted the CRA and the people's intent when they adopted the Michigan Constitution in 1963, see *id*. at 426-436. The right to pursue employment is secured by an individual's direct access to judicial remedies; therefore, the majority abases this right by enforcing a prospective waiver of the right to a judicial forum. The foregoing provides additional justification for why this Court should affirm the result reached by the Court of Appeals, although on different grounds.

HATHAWAY, J., joins the statement of CAVANAGH, J.

MARILYN KELLY, J. (*dissenting*).

I dissent from the majority's decision to reverse in part the Court of Appeals' judgment and reinstate summary disposition in favor of defendants. The majority concludes that plaintiffs' civil rights claims constitute a "dispute regarding interpretation or enforcement of any of the parties' rights or obligations" under the shareholders' agreement. I disagree.

As the Court of Appeals majority observed, the only "rights or obligations" addressed in the shareholders' agreement involved entitlement to stock ownership and restrictions on stock transfer.[1] Plaintiffs have advanced no argument that defendants violated any of those provisions. Rather, plaintiffs claim that although defendants complied with all provisions in the agreement, their *reasons* for divesting plaintiffs of their stock violated the Civil Rights Act.[2]

There is a significant difference between challenging the motives for divesting plaintiffs of their stock and the mechanics by which the divestiture occurred. The latter is clearly within the scope of the shareholders' agreement because that agreement sets forth the specific mechanics by which such divestiture may occur. But the shareholders' agreement is silent with respect to the former. Accordingly, I cannot conclude that plaintiffs' claims involve any "rights or obligations" arising under that agreement.

For this reason, I dissent from the order and would affirm the Court of Appeals' judgment in its entirety.

HATHAWAY, J., joins the statement of MARILYN KELLY, J.

---

[1] *Hall v Stark Reagan, PC*, 294 Mich App 88, 96 (2011).

[2] MCL 37.2101 *et seq.*



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 12, 2012

_____
Clerk

t1205